Thomas A. Banducci, ISB No. 2453
Curtis D. McKenzie, ISB No. 5591
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702-5958
Telephone:    (208) 389-9000
Fax Number:  (208) 389-9040



U.S. COURTS
02 AUG 13 FM 3:30

Attorneys for Defendants Stoel Rives LLP,
Dale G. Higer, Ramona Higer



FEE PAID
RCPT # 72200

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREG ERKINS; MELISSA RACKISH; MELINDA BECKER; MARLA ERKINS GOSS; MELANIE BURK; R. RANDOLPH ERKINS; MARA ROVEDA; MELONNI SHIELDS; MEGAN GILBERT; AND TIMOTHY ERKINS, | Case No.   **CIV 02-374-N-EJL** |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| v. | |
| STOEL RIVES LLP; DALE G. HIGER and RAMONA HIGER, husband and wife; ALFRED J. BIANCO, as Plan Administrator to the Estate of Gaston & Snow; GEORGE PANAGIOTOU and TINA PANAGIOTOU, husband and wife; PANA-TEK, INC.; EDWIN A. McCABE and JANE DOE McCABE, husband and wife; JOHN DOES 1 THROUGH 100; and JANE DOES 1 THROUGH 100; and DOE CORPORATIONS, PARTNERSHIPS, LIMITED LIABILITY COMPANIES, OR OTHER ENTITIES, | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Stoel Rives LLP, Dale G. Higer and

NOTICE OF REMOVAL - 1
Boise-145202.1 0010224-00001

**ORIGINAL**

Ramona Higer ("Defendants") serve notice of the removal of this cause from the District Court of the First Judicial District of the State of Idaho, in and for the County of Kootenai, and respectfully show as follows:

1.      This lawsuit was originally filed on July 26, 2002, in the District Court of the First Judicial District for the State of Idaho, in and for the County of Kootenai, and captioned as Case No. CV-02-5080.

2.      On August 7, 2002, the complaint was served on Stoel Rives LLP, Dale G. Higer, and Ramona Higer. No other defendant has been served in the state court action. *See Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-679 (9th Cir. 1925), *cert. denied*, 270 U.S. 652 (1926) (a party not served need not be joined in the motion for removal).

3.      A true and correct copy of the complaint served on Stoel Rives LLP, Dale G. Higer, and Ramona Higer is attached as Exhibit A. No other process, pleadings, or orders have been received or filed by these defendants.

4.      This Notice of Removal is filed within 30 days of the date of service on Stoel Rives LLP, Dale G. Higer, and Ramona Higer *See* 28 U.S.C. § 1446(b).

5.      Pursuant to 28 U.S.C. § 1446(d), these defendants have served a copy of this notice on plaintiffs and on the Clerk of the District Court of the First Judicial District for the State of Idaho, in and for the County of Kootenai.

## THIS COURT HAS DIVERSITY JURISDICTION
## PURSUANT TO 28 U.S.C. § 1332

6.      The present case is removable pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

7.      To confer subject matter jurisdiction on this Court based on diversity

jurisdiction, the action must be brought "between citizens of different States" or "citizens of a state and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1),(2). Moreover, the amount in controversy between the parties must exceed the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

A.     Plaintiffs are Diverse from Defendants.

8.     Plaintiffs reside in the States of Alaska (Greg Erkins), Pennsylvania (Melissa Rackish, Melonni Shields), Washington (Melinda Becker, Megan Gilbert, Timothy Erkins), Idaho (Marla Erkins Goss, Melanie Burk, R. Randolph Erkins), and Illinois (Mara Roveda). *See* Complaint ¶¶ 1-10.

9.     Defendant Stoel Rives LLP is an Oregon limited liability partnership with its principal place of business in Portland Oregon.

10.    Defendants Dale G. Higer and Ramona Higer were fraudulently joined in order to defeat removal jurisdiction. There is no basis under Idaho law for recovery against Dale G. Higer or Ramona Higer for any of the allegations asserted in this case. Therefore, their presence should be ignored for purposes of determining diversity jurisdiction. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (non-diverse defendant is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.").

11.    Alfred J. Bianco is a resident of the state of New York. (Complaint ¶ 14.)

12.    George and Tina Panagiotou are residents of the State of California. (Complaint ¶ 15.)

13.    Pana-Tek, Inc. is a California corporation with its principal place of business in

the State of California.  (Complaint ¶ 16.)

14.     Edwin A. McCabe and "Jane Doe McCabe" are residents of the State of

Massachusetts.  (Complaint ¶ 17.)

15.     Because plaintiffs and properly joined defendants are citizens of different States,

there is diversity of citizenship.

**B.     The Amount in Controversy Exceeds $75,000.**

16.     Plaintiffs assert that the property at issue has a value "in excess of several

hundred thousand dollars."  (Complaint ¶ 55.)  Accordingly, the amount in controversy

exceeds the jurisdictional amount.


Executed this 13th day of August, 2002

Respectfully submitted,

STOEL RIVES LLP


By: _____
Curtis D. McKenzie
Attorneys for Defendants Stoel Rives LLP,
Dale G. Higer, Ramona Higer

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August 2002, I caused to be served a

true copy of the foregoing **Notice of Removal** upon the following:

John F. Magnuson, Esq.              [X ] U.S. Mail, postage prepaid
P.O. Box 2350                      [   ] Hand Delivery
Coeur d'Alene, Idaho 83816         [   ] Facsimile
                                   [   ] UPS Overnight Delivery

By: _____
        Curtis D. McKenzie

NOTICE OF REMOVAL - 5

EXHIBIT A

JOHN F. MAGNUSON
Attorney at Law
P.O. Box 2350
1250 Northwood Center Court, Suite A
Coeur d'Alene, ID 83814
Phone: (208) 667-0100
Fax: (208) 667-0500
ISB #04270

Attorney for Plaintiffs

STATE OF IDAHO } SS
COUNTY OF KOOTENAI
FILED

2002 JUL 26 AM 11: 56

CLERK DISTRICT COURT

DEPUTY _____

## IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| GREG ERKINS; MELISSA RACKISH; MELINDA BECKER; MARLA ERKINS GOSS; MELANIE BURK; R. RANDOLPH ERKINS; MARA ROVEDA; MELONNI SHIELDS; MEGAN GILBERT; AND TIMOTHY ERKINS,<br><br>Plaintiffs,<br><br>vs.<br><br>STOEL RIVES LLP; DALE H. HIGER and JANE DOE HIGER, husband and wife; ALFRED J. BIANCO, as Plan Administrator to the Estate of Gaston & Snow; GEORGE PANAGIOTOU and TINA PANAGIOTOU, husband and wife; PANA-TEK, INC.; EDWIN A. McCABE and JANE DOE McCABE, husband and wife; JOHN DOES 1 THROUGH 100; and JANE DOES 1 THROUGH 100; and DOE CORPORATIONS, PARTNERSHIPS, LIMITED LIABILITY COMPANIES, OR OTHER ENTITIES,<br><br>Defendants. | NO. CV- 02 – 5080<br><br>**COMPLAINT**<br><br>**Fee Category: A.1**<br><br>**Fee: $77.00** |

COMPLAINT - PAGE 1

EXHIBIT A

ASSIGNED TO
JUDGE LUSTER

COME NOW the Plaintiffs named above, by and through their attorney of record, John F. Magnuson, and by way of complaint against the Defendants named above, aver and allege as set forth herein.

## I. PARTIES

### A.   PLAINTIFFS

1.    Plaintiff Greg Erkins is a resident of Anchorage Borough, Alaska.  Greg Erkins is the son of Robert and Bernardine Erkins.  At all times material, Greg Erkins was the legal and equitable owner of certain items of personal property including the following:

      (a)    A watercolor painting entitled "Totem Poles" by Stonington (artist);

      (b)    A watercolor painting entitled "Ship Sail" by Imhof (artist);

      (c)    A watercolor painting entitled "Ship" by an unknown artist; and

      (d)    A watercolor painting entitled "Irontail" by Imhof (artist).

2.    Plaintiff Melissa Rackish is a resident of Lycoming County, Pennsylvania.  Melissa Rackish is the daughter of Robert and Bernardine Erkins.  At all times material, Melissa Rackish was the legal and equitable owner of certain items of personal property including the following:

      (a)    A painting entitled "Portrait of Rembrandt" by an unknown artist;

      (b)    Two (2) paintings entitled (or depicting)  "Hawks" by Imhof (artist); and

      (c)    A lithograph entitled "Toas Deer Dance" by Imhof (artist).

3.    Plaintiff Melinda Becker is a resident of King County, Washington.  Melinda Becker is the daughter of Robert and Bernardine Erkins.  At all times material, Melinda Becker was the legal and equitable owner of certain items of personal property including the following:

      (a)    A painting entitled "Ponderosa Pine" by Imhof ( artist);

COMPLAINT - PAGE 2

    (b)    A painting entitled "Big Joe Mine" by Teater (artist);

    (c)    A pencil drawing entitled "Pueblo Indian" by Imhof (artist); and

    (d)    A lithograph entitled "Indian" by Imhof (artist).

4.    Plaintiff Marla Erkins Goss is a resident of Gooding County, Idaho. Marla Erkins Goss is the daughter of Robert and Bernardine Erkins. At all times material, Marla Erkins Goss was the legal and equitable owner of certain items of personal property including the following:

    (a)    A painting entitled "Indian Tent Firelight" by Imhof ( artist);

    (b)    A lithograph entitled "Indian Dancer" believed to be by Lujan (artist); and

    (c)    A painting entitled "Comanche on Horse" by Imhof (artist).

5.    Plaintiff Melanie Burk is a resident of Gooding County, Idaho. Melanie Burk is the daughter of Robert and Bernardine Erkins. At all times material, Melanie Burk was the legal and equitable owner of certain items of personal property including the following:

    (a)    A small oil and silver work, by an unknown artist, described as "Icon Virgin, Russian;"

    (b)    A painting entitled "Pink Rain, Jackson Hole'" by A. W. Erkins (artist); and

    (c)    A painting entitled "Water Wheel, Germany 1880's" by A. Gerke (artist).

6.    Plaintiff R. Randolph Erkins is a resident of Gooding County, Idaho. R. Randolph Erkins is the son of Robert and Bernardine Erkins. At all times material, R. Randolph Erkins was the legal and equitable owner of certain items of personal property including the following:

    (a)    A painting entitled "Buffalo Dancer Drummer" by Imhof (artist); and

    (b)    A lithograph entitled "Large Indian" by Imhof (artist).

7.    Plaintiff Mara Roveda is a resident of Cook County, Illinois.  Mara Roveda  is the daughter of Robert and Bernardine Erkins.  At all times material, Mara Roveda was the legal and equitable owner of certain items of personal property including the following:

(a)    A painting entitled "Kiowa Plains Yellow Deer"by Imhof (artist);

(b)    A painting entitled "U.S. Hill on Road to Mora" by Imhof (artist);

(c)    A painting entitled "Muskongovi Pueblo 1932 AZ" by Imhof (artist); and

(d)    A painting entitled "Imhof Home at Taos" by Imhof (artist).

8.    Plaintiff Melonni Shields is a resident of Lancaster County, Pennsylvania.  Melonni Shields  is the daughter of Robert and Bernardine Erkins.  At all times material, Melonni Shields was the legal and equitable owner of certain items of personal property including the following:

(a)    A painting entitled "Transfiguration" by Schwiering (artist);

(b)    A painting entitled "Winter Magic" by Schwiering (artist);

(c)    A painting entitled "Poplars" by Imhof (artist); and

(d)    A painting entitled "Sky City of Acoma" by Imhof (artist).

9.    Plaintiff Megan Gilbert is a resident of King County, Washington.  Megan Gilbert is the daughter of Robert and Bernardine Erkins.  At all times material, Megan Gilbert was the legal and equitable owner of certain items of personal property including the following:

(a)    A painting entitled "Taos Indian"by Imhof (artist);

(b)    A painting entitled "Dawn on Delaware" by Linsey (artist);

(c)    A painting entitled "Dawn on the Ohio" by Linsey (artist);

(d)    A painting entitled "Smoke Trees" by Moore (artist);

(e)    A painting entitled "Seasons Greetings" by Imhof (artist).

COMPLAINT - PAGE 4

10.     Plaintiff Timothy Erkins is a resident of King County, Washington. Timothy Erkins is the son of Robert and Bernardine Erkins. At all times material, Timothy Erkins was the legal and equitable owner of certain items of personal property including the following:

      (a)     A painting entitled "Adventure" by Branson (artist);

      (b)     A painting entitled "Elk" by Branson (artist); and

      (c)     Two (2) copies of paintings depicting or entitled "Franz Hais" by Imhof (artist).

11.     All items of personal property as owned by the respective Plaintiffs, and as described in Paragraphs 1 through 10 above, are collectively referred to herein as "the Plaintiffs' Property" unless otherwise specified.

**B.      DEFENDANTS.**

12.     Defendant Stoel Rives, LLP is a professional organization organized and existing under the laws of the State of Idaho with its principal place of business in Ada County, Idaho.

13.     Defendant Dale H. Higer is an equity partner in Defendant Stoel Rives, LLP. Defendants Dale H. Higer and Jane Doe Higer (hereafter "Defendants Higer") are husband and wife. Defendants Higer are residents of Ada County, Idaho. All acts attributed herein to Defendant Dale H. Higer were undertaken by Dale H. Higer for the benefit of the marital community of Dale and Jane Doe Higer.

14.     Defendant Alfred J. Bianco (hereafter "Defendant Bianco"), in his capacity as Plan Administrator to the estate of Gaston & Snow, is a resident of the State of New York. With respect to the matters alleged herein, Defendant Bianco has personally availed himself of the laws of the State of Idaho.

COMPLAINT - PAGE 5

15.     Defendants George and Tina Panagiotou (hereafter "Defendants Panagiotou") are husband and wife and are residents of the State of California. With respect to the matters alleged herein, Defendants Panagiotou have personally availed themselves of the laws of the State of Idaho.

16.     Defendant Pana-Tek, Inc. is a California corporation. With respect to the matters alleged herein, Defendant Pana-Tek, Inc. has personally availed itself of the laws of the State of Idaho.

17.     Defendant Edwin A. McCabe is a resident of the State of Massachusetts. Defendants Edwin A. McCabe and Jane Doe McCabe (hereafter "Defendants McCabe") are husband and wife. All acts attributed herein to Defendant Edwin A. McCabe were undertaken for or on account of the marital community of Edwin A. and Jane Doe McCabe. Defendant Edwin A. McCabe, with respect to the matters alleged herein, has personally availed himself of the laws of the State of Idaho.

18.     John Doe Defendants 1 through 100 are unknown individuals who have exercised dominion, control, and/or possession over the Plaintiffs' Personal Property, without Plaintiffs' consent and to Plaintiffs' detriment. The identities of said individuals are presently unknown, but will be identified through amended pleadings as discovery warrants.

19.     Jane Doe Defendants 1 through 100 are unknown individuals who have exercised dominion, control, and/or possession over the Plaintiffs' Personal Property, without Plaintiffs' consent and to Plaintiffs' detriment. The identities of said individuals are presently unknown, but will be identified through amended pleadings as discovery warrants.

20.     Defendant Doe Corporations, Partnerships, Limited Liability Companies, or other Entities 1 through 100 are unknown corporations, partnerships, limited liability companies, or other

COMPLAINT - PAGE 6

entities which have exercised dominion, custody, or control over Plaintiffs' Personal Property, without Plaintiffs' consent and to Plaintiffs' detriment. Said entities will be identified through supplemental pleadings as discovery proceeds and warrants.

## II. JURISDICTION AND VENUE

21.     Jurisdiction and venue are proper pursuant to Idaho law, including but not limited to I.C. § 5-404.

## III. FACTUAL ALLEGATIONS

A.    The Bliss Valley Foods, Inc. Litigation.

22.     Plaintiffs are the adult children of Robert and Bernardine Erkins, husband and wife (hereafter the "Erkins"). Robert and Bernardine Erkins are residents of the State of Idaho.

23.     In 1984, Robert and Bernardine Erkins started a new venture raising and marketing oyster mushrooms. They incorporated in the name of Bliss Valley Foods, Inc. Bliss Valley Foods, Inc. secured a loan from Idaho First National Bank in the amount of $3,150,000.00. Robert and Bernardine Erkins personally guaranteed Bliss Valley Foods, Inc.'s obligations to Idaho First National Bank (hereafter "Idaho First").

24.     The mushroom operation of Bliss Valley Foods, Inc. ultimately proved to be economically unsuccessful. Bliss Valley Foods, Inc. filed for bankruptcy protection. Idaho First brought suit in Idaho against Robert and Bernardine Erkins, and others. Idaho First sought to recover from the Erkins on their personal guarantees of the obligations of Bliss Valley Foods, Inc.

25.     The Erkins engaged the law firm of Gaston & Snow to represent their interests in the Idaho State Court proceeding initiated by Idaho First. At the time, Gaston & Snow was a Boston-based firm with an office in New York City.

COMPLAINT - PAGE 7

26.     Defendant Edwin A. McCabe (hereafter "McCabe") was an attorney affiliated with Gaston & Snow. Gaston & Snow delegated the representation of the Erkins to McCabe, who assumed the primary responsibility for defending Idaho First's claims and prosecuting the Erkins' counterclaims.

27.     The Erkins entered into an oral contingency fee agreement with Gaston & Snow under which the firm would be compensated based upon a percentage of recovery on the Erkins' counterclaims against Idaho First. As part of said agreement, the Erkins agreed to reimburse Gaston & Snow for certain out-of-pocket costs incurred in the Idaho First litigation.

28.     As part of the cost reimbursement negotiations between the Erkins and Gaston & Snow, the Erkins provided Gaston & Snow and McCabe with certain specific and confidential financial information, both documentary and oral, identifying assets owned by the Erkins, individually, and by their adult children, who are the Plaintiffs named herein. The Erkins made known to Gaston & Snow and McCabe that the Plaintiffs' Personal Property, as that phrase is used herein, was not the property of Robert or Bernardine Erkins.

29.     Idaho First's claims and the Erkins' counterclaims, were tried before an Idaho State Court jury. The jury awarded the Erkins $2,100,000.00 plus attorney fees. Idaho First appealed.

30.     On appeal, the Idaho Supreme Court reversed the jury verdict. The case is reported at Idaho First National Bank v. Bliss Valley Foods. Inc., 121 Idaho 266, 824 P.2d 841 (1991).

**B.      The Gaston & Snow Bankruptcy.**

31.     On October 10, 1991, an Involuntary Petition for Relief under 11 U.S.C. § 303 was filed against Gaston & Snow in the United States Bankruptcy Court for the Southern District of New York.

COMPLAINT - PAGE 8

32.     On September 20, 1993, the Bankruptcy Court confirmed the Trustee's Third Amended Plan of Reorganization for Gaston & Snow, pursuant to which Alfred J. Bianco (hereafter "Bianco") was appointed as a Plan Administrator to liquidate Gaston & Snow's assets and to distribute the proceeds to its creditors.  Following his appointment as Plan Administrator, Bianco brought suit against Robert and Bernardine Erkins in a New York Federal Court seeking to collect attorney fees which Gaston & Snow claimed due and owing as a result of legal services which the firm had provided in the Idaho State Court litigation.

C.      Bianco Assigns the Claims of Gaston & Snow.

33.     On or about January 13, 1998, Bianco, as Plan Administrator, assigned the claims of Gaston & Snow, as against Robert and Bernardine Erkins, to Tina Panagiotou and Pana-Tek, Inc.

34.     Prior to June 13, 1998, Tina and/or George Panagiotou and/or Pana-Tek, Inc. had engaged the services of Edwin McCabe, as attorney on matters unrelated to the Erkins.   On information and belief, McCabe solicited Panagiotou and Pana-Tek, Inc. to purchase the claims of Gaston & Snow as against the Erkins.

35.     Pursuant to the January 13, 1998 Assignment of Claims from Bianco, on behalf of Gaston & Snow, Panagiotou and Pana-Tek, Inc., Bianco, on the one hand, and Panagiotou and Pana-Tek, Inc., on the other hand, agreed to share in the recovery of any sums awarded against the Erkins in the New York Federal proceeding.  Panagiotou and Pana-Tek were obligated, under the subject Assignment of Claims, to prosecute the claims at their sole expense.

36.     On or about March 15, 1998, Panagiotou and Pana-Tek, Inc., as assignees of Gaston & Snow's claims against the Erkins, entered into a certain "Fee, Expense, and Distribution

COMPLAINT - PAGE 9

Agreement" with Defendant McCabe. Pursuant to said Agreement of March 15, 1998, Panagiotou and Pana-Tek, Inc. agreed to pay McCabe based upon his hourly rate in addition to a contingent fee premium based upon any recoveries obtained from the Erkins in the New York Federal proceeding.

**D.     Judgment Is Entered Against Robert and Bernardine Erkins in the New York Federal Proceeding.**

37.     Gaston & Snow's claims against the Erkins were tried before a jury in the New York Federal proceeding. The jury awarded Bianco, as Plan Administrator, the sum of $1,800,841.41. The Court increased this amount by an additional sum of $2,114,363.94, reflecting pre-judgment interest awarded under I.C. § 28-22-104. On April 6, 2000, Judgment was entered in favor of Bianco, as Plan Administrator, and against Robert and Bernardine Erkins, as Defendants, in the principal amount of $3,915,206.35.

38.     Pursuant to the Assignment of Claims dated January 13, 1998 by and between Bianco, as Plan Administrator, Panagiotou, and Pana-Tek, Inc., as well as the March 15, 1998 "Fee, Expense, and Distribution Agreement," Bianco, Panagiotou, Pana-Tek, Inc., and McCabe all claimed a right to participate in any recoveries made on the Judgment entered against Robert and Bernardine Erkins.

**E.     The Judgment Against Robert and Bernardine Erkins is Domesticated in Idaho.**

39.     Immediately after the return of the jury's verdict against the Erkins, but before Judgment had been entered, Bianco, Panagiotou, and Pana-Tek engaged Defendants Stoel Rives, LLP, an Idaho law firm, to represent their interests in execution proceedings in Idaho on the New York Federal Judgment against the Erkins.

COMPLAINT - PAGE 10

40.     Defendant Dale Higer (hereafter "Higer") is a partner and/or owner in Defendant Stoel Rives, LLP. Higer was assigned the primary responsibility for overseeing execution proceedings in Idaho against the Erkins.

41.     Higer and Stoel Rives, with respect to the matters alleged herein, acted as agents for Bianco, Panagiotou, Pana-Tek, and McCabe, so as to bind the latter under principles of agency as well as the doctrine of *respondeat superior*.

42.     Agents for Bianco are believed to have advised Higer to undertake discovery so as to ascertain, with certainty, which assets were the property of the Erkins, as opposed to those assets which were the property of their adult children (the Plaintiffs named herein).

43.     All Defendants were charged with the knowledge of McCabe, which was obtained by McCabe while acting as counsel to the Erkins, which would have disclosed, or reasonably should have disclosed, that the Plaintiffs' Personal Property was not owned at any pertinent time by Robert and/or Bernardine Erkins.

44.     On or about June 5, 2001, Stoel Rives and Higer, acting as agents for Bianco, Panagiotou, Pana-Tek, and McCabe, attempted to domesticate the New York Judgment as an Idaho Judgment.

45.     On June 9, 2000, Higer met with staff from the U.S. Marshall's office to make arrangements to execute on the Judgment against the Erkins.

46.     On June 12, 2000, Higer, and a paralegal employed with Stoel Rives, Zulma Velazquez, who was acting under the direction and control of Higer and/or Stoel Rives, made arrangements with the U.S. Marshall and a private moving company to remove items of personal property from the home of Robert and Bernardine Erkins.

COMPLAINT - PAGE 11

47.   Between June 13, 2000 and June 21, 2000, Higer and Stoel Rives undertook additional efforts to prepare to execute upon the Judgment as against Plaintiffs' Personal Property even though the Plaintiffs were known not to be judgment debtors. Defendants, and each of them, knew, or should have known, based upon information given to McCabe by the Erkins, that the Plaintiffs' Personal Property was not the property of the Erkins, the judgment debtors.

48.   On June 22, 2000, Higer and Velazquez traveled to Bliss, Idaho, the home of the Erkins, and directed the U.S. Marshall to seize items of personal property belonging to the Erkins in aid of execution. Higer and Velazquez also directed the U.S. Marshall to seize the Plaintiffs' Personal Property in aid of execution upon a Judgment for which they had no liability.

49.   On June 22, 2000, Higer, Velazquez, and Stoel Rives, acting for, by, or on behalf of Defendants Bianco, Panagiotou, Pana-Tek, and McCabe, exercised dominion, custody, and control over Plaintiffs' Personal Property, as that phrase is defined herein, taking exclusive possession, custody, and control of the same.

50.   Higer, Velazquez, and Stoel Rives, and Defendants Bianco, Panagiotou, Pana-Tek, and McCabe, through principles of agency and the doctrine of *respondeat superior*, were specifically advised by Robert Erkins on June 22, 2000 that they were removing items of personal property from the home of the Erkins that belonged to the Plaintiffs in this action. Notwithstanding the same, and over Robert Erkins's objections and protestations, the Defendants, and each of them, knowingly, intentionally, and wrongfully removed the Plaintiffs' Personal Property from the home of their parents.

51.   The Defendants, and each of them, had actual and/or constructive knowledge of the Plaintiffs' ownership of the Plaintiffs' Personal Property both before and after June 22, 2000.

COMPLAINT - PAGE 12

52.     On June 28, 2000, the Plaintiffs in this proceeding filed a "Petition for Joinder," seeking to intervene in the collection action pending against their parents so as to assert their claim of ownership in and to the Plaintiffs' Personal Property, as that phrase is used herein. The U.S. District Court for the District of Idaho, in Case No. MS-5065-DLW (denominated <u>Bianco v. Erkins</u>) granted the "Petition for Joinder" filed by the Erkins' children (the Plaintiffs in this proceeding).

53.     A three (3) day evidentiary hearing was held before the U.S. District Court for the District of Idaho on May 9, 11, and 14, 2001. Following the hearing, the Court found "That there is substantial evidence weighing in favor of a finding of ownership by the Erkins' children, despite the fact that no written document exists to evidence their ownership." However, the Court declined to enjoin a sale of the Plaintiffs' Personal Property, to satisfy a judgment against their parents (a Judgment for which Plaintiffs had no liability), based upon the Plaintiffs' failure to timely file third-party claims pursuant to I.C. § 11-203.

54.     With knowledge of "substantial evidence weighing in favor of a finding of ownership [of the Plaintiffs' Personal Property] by the Erkins' children," Defendants, and each of them, proceeded, at their peril, to continue to exercise custody, dominion, and control over the Plaintiffs' Personal Property.

55.     Defendants, and each of them, had actual or constructive knowledge that the cumulative value of Plaintiffs' Personal Property, as that phrase is used herein, was in excess of several hundred thousand dollars.

56.     In January of 2002, with knowledge of Plaintiffs' claim to ownership in and to Plaintiff's Personal Property, as that phrase is used herein, Defendants Higer and Stoel Rives

COMPLAINT - PAGE 13

prepared a "Legal Notice" for publication so as to give notice of a sale by the U.S. Marshall of the Plaintiffs' Personal Property to satisfy the Judgment obligation of their parents. Defendants Higer and Stoel Rives made actual contact with the Legal Publications Departments of newspapers published in both Gooding and Ada Counties.

57.     The Notice which Higer and Stoel Rives caused to be published was published on February 4, 2002, in the Idaho Statesman, a newspaper published in Ada County. The single publication of February 4, 2002 gave notice of a Marshall's sale on February 12, 2002. The Notice incorrectly identified the Plaintiffs' Personal Property, as that phrase is used herein, as the personal property of Robert and Bernardine Erkins.

58.     None of the Plaintiffs reside in Ada County, Idaho, nor did they reside in Ada County, Idaho on February 4, 2002. Defendants, and each of them, had actual knowledge that no Plaintiff resided in Ada County, Idaho as of February 4, 2002.

59.     The February 12, 2002 sale pursuant to the February 4, 2002 Notice was apparently held in Eagle, Idaho, a remote Idaho community which bears no relationship to any matter at issue in the case of Bianco v. Erkins. The Defendants, and each of them, had actual knowledge that no Plaintiff resided in Eagle, Idaho as of February of 2002, or at any other time.

60.     No Plaintiff received any actual or constructive knowledge of the February 12, 2002 sale of their personal property at any time before said sale date.

61.     Defendants, and each of them, intentionally, knowingly, wilfully, and wantonly caused notice of the February 12, 2002 sale of Plaintiffs' Personal Property to be given in such a derelict and patently insufficient manner so as to conceal notice of the same from Plaintiffs and/or their advisors.

COMPLAINT - PAGE 14

F.     The U.S. Marshall Sale of February 12, 2002.

62.     On February 12, 2002, the U.S. Marshall's sale, as noticed by Defendants, took place in Eagle, Idaho. The Defendants, and each of them, had actual or constructive knowledge that the cumulative of value of Plaintiffs' Personal Property exceeded several hundred thousand dollars. Notwithstanding the same, Defendants and each of them proceeded to sell Plaintiffs' Personal Property, as that phrase is defined herein, for a cumulative sum totaling less than thirty thousand dollars ($30,000.00).

63.     Defendants themselves acquired several of the items of Plaintiffs' Personal Property at the February 12, 2002 sale by offering knowingly and insufficient bids at a sale designed through artifice to take place in a remote and unpopulated community with no relationship to the underlying litigation.

64.     On information and belief, it is alleged that Defendant Higer, through personal participation, purchased at least one (1) item of Plaintiffs' Personal Property for his own account by making a knowingly insufficient bid with knowledge of Plaintiffs' paramount claim to title.

G.     The Manner of Publication Chosen By Defendants Was Violative of Plaintiffs' Due Process Rights.

65.     Defendants' single published "Notice of Sale" on February 4, 2002 in the Idaho Statesman was statutorily defective under I.C. § 11-302(2).

66.     Defendants' single published "Notice of Sale" on February 4, 2002 in the Idaho Statesman is constitutionally defective in that the same violates Plaintiffs' due process rights under the due process clauses of both the Idaho and the United States Constitutions.

COMPLAINT - PAGE 15

# IV. CLAIMS FOR RELIEF

*- statute of limitations*
*is 3 years. 5.213.*

## A. Claim 1: Conversion

67.     Plaintiffs incorporate herein as though set forth in full the allegations contained in Paragraphs 1 through 66 above.

68.     Defendants, and each of them, have intentionally, knowingly, and without justification or right, deprived Plaintiffs and each of them of the Plaintiffs' Personal Property, as that phrase is used herein.

69.     Through Defendants' intentional and knowing conversion of Plaintiffs' Personal Property, as that phrase is defined herein, Plaintiffs have been damaged in an amount in excess of $10,000.00, for which each and all Defendants are jointly and severally liable.

## B. Claim 2: Claim and Delivery

*- statute of limitations*
*is 3 years. 5.218.*
*(see 57 P.2d 325,330)*

70.     Plaintiffs incorporate herein as though set forth in full the allegations contained in Paragraphs 1 through 69 above.

71.     Plaintiffs are entitled to immediate and exclusive possession of the Plaintiffs' Personal Property, as that phrase is used herein.

72.     Defendants, and each of them, have knowingly, willfully, jointly, and in concert, acted to deprive Plaintiffs of all right, interest, or dominion in and to Plaintiffs' Personal Property, as that phrase is defined herein.

73.     Pursuant to I.C. § 8-301 *et seq.*, Plaintiffs, and each of them, are entitled to entry of an order adjudging, decreeing, and directing that Defendants and each of them forthwith return to Plaintiffs their respective items of personal property as alleged herein.

COMPLAINT - PAGE 16

74.     Pursuant to I.C. § 8-301, *et seq.*, including but not limited to § 8-302(4), the Plaintiffs, and each of them, are entitled to entry of a temporary restraining order directing that the Defendants and each of them be prohibited from transferring, selling, or undertaking any other act with respect to the Plaintiffs' Personal Property and derogation of Plaintiffs' paramount rights therein.

75.     Plaintiffs are entitled, pursuant to I.C. § 8-301, *et seq.*, to entry of an order directing each and every Defendant to show cause why Plaintiffs' Personal Property should not be taken from each and every Defendant and delivered to the Plaintiff *pendent lite.*

### C.  Claim 3:  Abuse of Process

76.     Plaintiffs incorporate herein as though set forth in full the allegations contained in Paragraphs 1 through 75 above.

77.     Defendants and each of them, with ulterior and improper purposes (including but not limited to the breaking of Robert and Bernardine Erkins' resistence), willfully acted in use of civil process in a manner not proper in the regular and ordinary conduct of proceedings, including but not limited to the publication and use of a statutorily and constitutionally defective "Notice of Sale."

78.     As a direct and proximate result of Defendants' tortious conduct (in the nature of abuse of civil process), Plaintiffs and each of them have been damaged in an amount in excess of $10,000.00 for which each and every Defendant is jointly and severally liable.

### D.  Claim 4:  Temporary and Permanent Injunctive Relief

79.     Plaintiffs incorporate herein as though set forth in full the allegations contained in Paragraphs 1 through 78 above.

COMPLAINT - PAGE 17

80.     Plaintiffs are entitled to entry of such temporary and permanent injunctive relief as the Court may deem just and proper, ordering, adjudging, and decreeing that Defendants, and each of them, return and/or preserve all items of Plaintiffs' Personal Property, as that phrase is used herein.

## V. JURY DEMAND

Plaintiffs request a trial by a jury of not less than twelve (12) on all claims so triable.

## VI. NOTICE REGARDING PUNITIVE DAMAGES

Plaintiffs hereby give notice, pursuant to I.C. § 6-1604, of their intention to hereafter amend their Complaint to include additional claims for awards of punitive damages on behalf of each and all Plaintiffs against each and all Defendants.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and each of them, pray for relief as follows:

1.      For damages in an amount in excess of $10,000.00 against all Defendants, jointly and severally, on Plaintiffs' First Claim (Conversion) and Third Claim (Abuse of Process);

2.      On Plaintiffs' Claim 2 (Claim and Delivery), entry of the following orders:

(a)     Entry of an order adjudging, decreeing, and directing that Defendants, and each of them, return to each Plaintiff their respective items of Plaintiffs' Personal Property, as that phrase is defined herein;

(b)     Entry of a temporary restraining order pursuant to I.C. § 6-302(4), enjoining and directing the Defendants, and each of them, to take no action *pendent lite* so as to interfere or impair Plaintiffs' claims in and to the Plaintiffs' Personal Property, as that phrase is defined herein; and

COMPLAINT - PAGE 18

(c)   For entry of an order to show cause, pursuant to I.C. § 8-302, directing Defendants to show why they should not immediately be required by judicial decree to return all items of Plaintiffs' Personal Property to Plaintiffs.

3.   For entry of such temporary and permanent injunctive relief as the Court may deem just and proper, based upon the circumstances at bar, preserving and protecting Plaintiffs' claim of entitlement in and to the Plaintiffs' Personal Property, as that phrase is used herein, and/or ordering, adjudging, decreeing, and directing that Defendants, and each of them, and all persons acting by, for, or through Defendants, and each of them, immediately and forthwith return to Plaintiffs each and every item of Plaintiffs' Personal Property, or, alternatively, directing that such personal property be cared for, maintained, and/or preserved until final adjudication of all claims at issue in this proceeding.

4.   For an award of reasonable attorney fees and costs as provided by Idaho law; and

5.   For such other and further relief as the Court deems just and equitable.

DATED this 25th day of July, 2002.

JOHN F. MAGNUSON
Attorney for Plaintiffs

COMPLAINT - PAGE 19

1

2 **VERIFICATION**

3 I, MELANIE BURK, being first duly sworn upon oath, depose and say that I am familiar
with the foregoing Complaint, have personal knowledge of the matters set forth therein and believe

4 the same to be true and correct upon my own personal knowledge and belief.

5

6 *Melanie Burk*
**MELANIE BURK**

7

8 SUBSCRIBED AND SWORN to before me this _16th_ day of July, 2002.

9



10

11 *Michele M. Faulkner*
Notary Public in and for the State of Idaho

12 Residing at: 601 E US Hwy 30, Bliss, Id
My commission expires: 8/24/2006

13

14

15 **VERIFICATION**

16 I, MARLA ERKINS GOSS, being first duly sworn upon oath, depose and say that I am
familiar with the foregoing Complaint, have personal knowledge of the matters set forth therein

17 and believe the same to be true and correct upon my own personal knowledge and belief.

18

19 *Marla B Erkins Goss*
**MARLA ERKINS GOSS**

20

21 SUBSCRIBED AND SWORN to before me this _16th_ day of July, 2002.

22

23 

24 *Michele M. Faulkner*
Notary Public in and for the State of Idaho

25 Residing at: 601 E US Hwy 30, Bliss Id
My commission expires: 8/24/2006

26

27

28 COMPLAINT - PAGE 20

1
2
## VERIFICATION
3
I, R. RANDOLPH ERKINS, being first duly sworn upon oath, depose and say that I am
familiar with the foregoing Complaint, have personal knowledge of the matters set forth therein
4
and believe the same to be true and correct upon my own personal knowledge and belief.
5
6
_____
R. RANDOLPH ERKINS
7
8
SUBSCRIBED AND SWORN to before me this __16th__ day of July, 2002.
9
10

11
12
_____
Notary Public in and for the State of Idaho
13
Residing at 601 E 06 Hwy 30  Bliss Id 83314
My commission expires: 8/24/2006
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
COMPLAINT - PAGE 21